### WALTER SCOTT V. STATE.

No. 2352.   Decided March 19, 1913.

**1.—Gaming—Date of Offense—Sufficiency of the Evidence—Limitation.**

Where, upon trial of betting at a game of dice, no other reasonable conclusion could be reached by the evidence, as a whole, than that the offense was committed on or about the date alleged in the information, and no question of limitation having been raised by the evidence, the convistion was sustained.

**2.—Same—Gaming—Dice—Private Residence—Definition of Offense.**

To bet at a game of dice is unlawful wherever the game occurs. It is only a game with cards and dominoes that is no offense when played at a private residence occupied by a family.

**3.—Same—Venue—Bill of Exceptions.**

Where, upon trial of playing dice, the venue was clearly proved, there was no error; besides, in the absence of a bill of exceptions, the question of venue could not be passed upon on appeal.

Appeal from the County Court of Hamilton. Tried below before the Hon. R. Q. Murphree.

Appeal from a conviction of gaming by betting at a game of dice; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Upon a proper complaint and information, charging that on or about May 1, 1912, appellant, in Hamilton County, Texas, did unlawfully bet and wager money upon a game of dice, appellant was convicted, from which he appeals. He waived a jury, and the cause was tried before the court. There was no motion other than for a new trial, and no bills of exception in the case. The facts are undisputed and establish the offense charged.

Four witnesses for the State testified, each, in substance, stating that appellant, with others, bet at a game of dice, a half or three-

quarters of a mile up the Bosque river from Hico. No witness specifically testified that this occurred on May 1, 1912. The offense was charged to have been committed, as stated, on or about May 1, 1912. Each witness testified· that it occurred in the spring, some stating about April, and others about May, but each, in substance, that it was about May 1st. No other reasonable conclusion could be reached by the testimony as a whole than that the offense was committed on or about May 1, 1912. No question of limitation is in any way raised.

To bet at a game of dice is unlawful, wherever the game occurs. It is only games played with cards and dominoes that is no offense when played at a private residence occupied by a family. One witness testified positively that the game was played in Hamilton County, Texas; the others that it was about a half or three-quarters of a mile from Hico, and that the county line between Hamilton and Erath was about three-quarters to a mile from Hico. The venue was clearly proven. But if not, it not being objected to and shown by a bill of exceptions, would not be presented so that we could pass upon it.

The judgment is affirmed.

*Affirmed.*